

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,062

**GABRIEL PAUL HALL, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM CAUSE NO. 11-06185-CRF-272
### IN THE 272ND JUDICIAL DISTRICT COURT
### BRAZOS COUNTY

*Per curiam.*

### ORDER

The above-styled and numbered cause is pending before this Court as a result of appellant's capital murder conviction and resulting sentence of death in the 272nd Judicial District Court of Brazos County, Cause No. 11-06185-CRF-272, styled The State of Texas v. Gabriel Paul Hall. Appellant has filed in this Court a motion entitled "Motion to Abate and Remand Case for Completion and Correction of Appellate Record."

In his motion, appellant also complains that "[t]he juror questionnaires have not been provided" to him. Appellant should first present to the trial court his request for the

disclosure of this information.  *See* TEX. CODE CRIM. PROC. Art. 35.29.

In addition to the juror questionnaires, appellant lists numerous other items that he contends are missing from the Clerk's Record.  Because the trial court is in a better position to determine the accuracy of the record, we abate the appeal and remand this cause to the trial court to resolve this issue.  The trial court is directed to make findings of fact regarding whether the items in question have been omitted from the record, and if so, whether they should be included.  If the trial court determines that certain items need not be included in the record, then the trial court should state its reasons for making that determination.  If the trial court determines that any relevant items have been omitted from the Clerk's Record, then the trial court shall direct the clerk to prepare, certify, and file in this Court a supplemental record containing the omitted items.  *See* TEX. R. APP. P. 34.5(c).

Appellant further asserts that the Clerk's Record is "pervasively disorganized" because multiple items in Volumes 7 through 13 are not in chronological order.  A disorganized record is not necessarily defective or inaccurate.  However, the trial court may evaluate whether the Clerk's Record should be "re-organized" in this case.  If the trial court determines that this is necessary, then it shall direct the clerk to prepare, certify, and file in this Court a "re-organized" Clerk's Record.

The findings shall be made and any necessary supplements shall be filed within 30 days of the date of this order.  Appellant's brief will be due in this Court within 30 days

thereafter.

Appellant also contends that the Clerk's Record "is deficient and should be corrected." He states that, "according to the Index a document titled 'Order Appointing Attorney Regional Public Defender for Capital Cases, Lubbock, Texas' appears at Clerk's Record Volume 8, page 911-913." However, "the document that appears at that page is an order *releasing* the Regional Public Defender from further service in the case, and appointing . . . counsel to represent [him] on appeal." (Emphasis in original.) Accordingly, we instruct the clerk to correct this inaccuracy in the Clerk's Record. *See* TEX. R. APP. P. 34.5(d).

IT IS SO ORDERED THIS THE 22ND DAY OF NOVEMBER, 2017.

Do not publish